103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Macario Medrano VALLESTEROS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70434.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Dec. 06, 1996.
 
 Petition for Review of a Decision of the Board of Immigration Appeals, No. Auv-cbp-grf.
 BIA
 REVIEW DENIED.
 Before: WALLACE, SCHROEDER, and ALARCN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Macario Medrano Vallesteros petitions us to review the decision of the Board of Immigration Appeals (Board) denying him suspension of deportation under 8 U.S.C. § 1254(a), voluntary departure under 8 U.S.C. § 1254(e), and a waiver under 8 U.S.C. § 1251(a)(1)(H). We have jurisdiction over this timely petition pursuant to 8 U.S.C. § 1105a. We deny the petition.
 
 
 3
 * Vallesteros is a 35 year old native and national of the Philippines who entered the United States on an immigrant visa on February 15, 1984, as the unmarried son of a lawful permanent resident alien. In fact, Vallesteros had married Pacita Vicente on May 18, 1982, in the Philippines, and that marriage had not been terminated. After obtaining his immigrant visa, Vallesteros returned to the Philippines and married Pacita Vicente again on May 18, 1988. Vallesteros applied for naturalization on September 22, 1989. On May 14, 1992, he obtained a divorce from Pacita Vicente in the Family Court of the State of Hawaii. He subsequently married Lolita Cuestas, a United States citizen, on March 18, 1993.
 
 
 4
 An order to show cause was issued against Vallesteros on October 2, 1991, charging that he was subject to deportation because he was excludable at the time of entry under 8 U.S.C. § 1182(a)(6)(C)(i). That section provides for exclusion of aliens who seek to procure a visa "by fraud or willfully misrepresenting a material fact." Id.
 
 
 5
 At his deportation hearing on November 1, 1994, Vallesteros contested deportability on the ground that he did not "willfully" misrepresent his marital status at the time of entry. He testified that, at that time, he did not believe his 1982 marriage to Pacita Vicente to be valid because she was already married to someone else, and because her family coerced him into the marriage by threatening him with murder. He had sworn under oath to the immigration examiner that he was married only once and that was in May 1988. He also swore he had no children, but later admitted that was a lie. The immigration judge (IJ) found his testimony to be "simply implausible," and held that Vallesteros was deportable as charged. The IJ also found that Vallesteros had presented false testimony under oath before the IJ, and on that basis denied him suspension of deportation, voluntary departure, and a requested waiver under 8 U.S.C. § 1251(a)(1)(H).
 
 
 6
 Vallesteros appealed the finding that he had presented false testimony under oath to the Board. The Board conducted its own review of the record and concluded that his testimony was "completely unbelievable."
 
 
 7
 It is truly difficult to believe that this individual would go through two separate marriage ceremonies with a woman he believed to be married to someone else. One would think he might have mentioned it to the mayor at the time of the first marriage, or to the priest at the time of the second marriage. It is also completely unbelievable that Pacita Vicente's family would threaten the respondent with a knife in order to enable her to commit bigamy.
 
 
 8
 On that basis, and on the basis of the IJ's findings about his poor demeanor at the hearing, the Board agreed that Vallesteros had testified falsely under oath for the purpose of obtaining an immigration benefit. The Board held that he was statutorily ineligible for suspension of deportation and voluntary departure because of 8 U.S.C. § 1101(f)(6), and that a favorable exercise of discretion under section 1251(a)(1)(H) was not warranted.
 
 
 9
 Vallesteros petitions us to review the decision of the Board. He contends principally that the Board's finding that he gave false testimony before the IJ is not supported by substantial evidence in the record. Vallesteros also argues that the IJ improperly considered his original misrepresentations when determining the propriety of discretionary relief under section 1251(a)(1)(H).
 
 II
 
 10
 We review factual findings of the Board for substantial evidence. Turcios v. INS, 821 F.2d 1396, 1398 (9th Cir.1987) (Turcios ). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. "The substantial evidence standard does not permit the Court to reverse the [Board] solely because the Court disagrees with the [Board's] evaluation of the facts, but requires that the [Board's] conclusion, based on the evidence presented, be substantially reasonable." Berroteran-Melendez v. INS, 955 F.2d 1251 (9th Cir.1992). Relief pursuant to section 1251(a)(1)(H) is within the discretion of the Attorney General, and we review for abuse of that discretion. Id.
 
 
 11
 Vallesteros contends that there is an important distinction between a finding that a witness lacks credibility, and a finding that he has perjured himself, citing Rodriguez-Gutierrez v. INS, 59 F.3d 504, 507 (5th Cir.1995) ( Rodriguez-Gutierrez ). In that case, the IJ had found that Rodriguez's testimony at the hearing lacked credibility. The IJ also found that he did not satisfy the continuous presence requirement for suspension of deportation under 8 U.S.C. § 1254(a)(1). The Board held that subsequent Fifth Circuit case law required it to vacate the latter finding, but denied Rodriguez a suspension of deportation on the alternative ground that he had presented false testimony before the IJ. "The [Board] concluded that the IJ's determination that Rodriguez's testimony lacked credibility was tantamount to a finding that Rodriguez ... gave false testimony at the hearing." Rodriguez-Gutierrez, 59 F.3d at 507. The Fifth Circuit disagreed:
 
 
 12
 A finding that testimony lacked credibility does not alone justify the conclusion that false testimony has been given. False testimony means knowingly giving false information with an intent to deceive. A lack of credibility does not necessarily stem from a conclusion that the speaker intends to deceive. As a California district court stated, to assume that "a witness whose testimony is not accepted by the trier of fact is a perjurer and not a person of good moral character ... is not only legally invalid, but is contrary to the basic sense of fairness upon which our legal system is founded." Acosta v. Landon, 125 F.Supp. 434, 441 (S.D.Cal.1954).
 
 
 13
 Id. at 507-08.
 
 
 14
 The Board in this case did not make the mistake addressed in Rodriguez-Gutierrez. The Board found not only that Vallesteros's story lacked credibility, but also that Vallesteros did not believe his own story. "It is truly difficult to believe that this individual would go through with two separate marriage ceremonies with a woman he believed to be married to someone else." If Vallesteros never truly believed that his 1982 marriage was invalid, as the Board clearly found, his testimony to the contrary was not only incredible but intentionally false.
 
 
 15
 The issue presented for our review is whether that finding by the Board about Vallesteros's subjective intent is supported by substantial evidence. The Board based its finding on the inherent implausibility of Vallesteros's story, and on a finding by the IJ about his poor demeanor as a witness. We hold that the Board's finding is reasonable and supported by substantial evidence.
 
 
 16
 The Board could and did properly find that Vallesteros's testimony before the IJ was "unbelievable," and "made little sense." He testified that, prior to his marriage to Pacita Vicente, her relatives told him (falsely) that she was married to Wilson Castillo. Nonetheless, Vallesteros testified, those same relatives threatened to kill him with a machete if he did not go through with the marriage. It was not improper for the Board to find it very unlikely "that Pacita Vicente's family would threaten the respondent with a knife in order to enable her to commit bigamy." Similarly, the Board could disbelieve that such a threat could motivate Vallesteros to return from the United States six years later to marry Pacita Vicente again.
 
 
 17
 The Board also incorporated by reference the IJ's negative evaluation of Vallesteros's demeanor as a witness. The IJ found that Vallesteros had "provided evasive answers at the hearing," and that "[h]is demeanor was poor." The Board properly considered and gave proper weight to this finding, Penasquitos Village v. NLRB, 565 F.2d 1074, 1078-79 (9th Cir.1977), and this finding supports the Board's finding that Vallesteros was lying.
 
 
 18
 Under the substantial evidence standard, we must determine only whether the Board's determination is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Turcios, 821 F.2d at 1398. Although we might have reached a different result in its place, the Board's determination was supported by substantial evidence.
 
 
 19
 Because we accept the Board's finding that Vallesteros presented false testimony before the IJ, it is clear that the Board did not err by holding him ineligible for suspension of deportation or voluntary departure, and did not abuse its discretion by denying discretionary relief under section 1251(a)(1)(H).
 
 III
 
 20
 Vallesteros also argues that the IJ improperly considered his misrepresentations when applying for his immigrant visa and for naturalization when deciding his eligibility for relief under section 1251(a)(1)(H). The argument is irrelevant. When, as here, the Board has undertaken an independent review of the record, our review is limited to its decision. The Board's opinion shows that it did not consider any improper factors.
 
 
 21
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3